JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Brian J. Corrigan that granted summary judgment to The American Motorist Insurance Company ("AMICO") on appellant Diane Intihar's claim for uninsured motorist ("UM") coverage under its comprehensive automobile insurance policy issued to her employer.[1] Mrs. Intihar claims it was error to find that a "covered auto designation" in the policy's UM terms barred her from coverage because she was driving her husband's car at the time she was injured. AMICO asserts a cross-assignment of error that claims it was also entitled to summary judgment on the alternative ground that Intihar failed to promptly notify it of her claim. We reverse and remand.
 {¶ 2} The undisputed facts are as follows: On October 31, 1998, Mrs. Intihar was driving a car, titled to her husband, southbound on Interstate 71 in Cuyahoga County when it collided with one operated by Paul Lowery, and which caused her to sustain severe personal injuries. Lowery, who was insured, claimed that the collision was caused by a third automobile that left the scene and could not be identified. Mrs. Intihar, therefore, submitted a UM claim to her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), in August of 1999, received the $100,000 UM policy limit, and she and her husband executed a subrogation agreement allowing State Farm to take action against other responsible parties.
 {¶ 3} On February 26, 2001, she notified her employer, Southwest Community Health System, Inc., that she intended to seek UM benefits from AMICO, its commercial motor vehicle insurer. On January 2, 2002, AMICO filed its complaint for declaratory judgment, and she filed an answer and counterclaim for declaratory judgment. Both parties moved for summary judgment and the judge granted AMICO's motion, stating that Mrs. Intihar could not recover because she did not own the car she was driving and the policy extended UM coverage only to "owned autos."
 {¶ 4} We review the grant of summary judgment de novo, and consider the evidence in the light most favorable to the non-moving party to determine whether a material dispute of fact exists.[2] Mrs. Intihar submits that the AMICO policy's "covered auto" limitation does not prevent her from recovering UM benefits because she is an insured under the UM provisions and no exclusion removes that coverage.[3] Insurance policies must comport with applicable statutory mandates.[4] Because insurance policies are strictly construed against the insurer and liberally in favor of the insured, the policy's terms generally must show an unambiguous intent to deny the claimed benefits or they will be allowed.[5]
 {¶ 5} The commonly used "Business Auto Coverage ["BAC"] Form" in the AMICO policy describes "covered auto designation symbols" used on its Business Automobile Coverage Part Declarations Page, Item II. Liability coverage is provided to 01, "any `auto'"; auto medical payments coverage extends to 07, "specifically described `autos'" listed in Item III; uninsured motorist coverage is provided to 02, "owned `autos' only"; comprehensive coverage is provided to 02, 07, and 08, "hired `autos' only"; and collision coverage extends to 02, 07, and 08. The schedule referred to as "Item III" specifically identifies seventeen vehicles owned by the named insured and reveals that four of the vehicles are not insured for medical payments and eight are not insured for collision or comprehensive coverage.
 {¶ 6} AMICO argues that unless an insured is injured while using a covered auto, UM coverage is not available. This reasoning, however, ignores the distinction between UM and liability coverages. Under its liability coverage, AMICO will pay for personal injury and property damage caused by the negligence of an insured's use of a covered automobile. As an employee, Mrs. Intihar would be an insured if using such automobile. Under UM, AMICO pays all sums to which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle.
 {¶ 7} AMICO's OHIO UNINSURED MOTORIST COVERAGE — BODILY INJURY endorsement is exactly the same as that examined in the Liberty Fire Policy of Scott-Pontzer.[6] It states:
"B. Who Is an Insured
"1. You.
"2. If you are an individual, any `family member.'
"3. Anyone else occupying a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing
Loss or destruction.
"4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 8} In Scott-Pontzer the term "You" was found to be ambiguous and Pontzer was found to be an insured under the policy. In determining whether his estate was entitled to UM benefits, the Court did not find any qualifications or exemptions that excluded him from coverage and there was no language that required Pontzer to be acting within the course and scope of employment to be entitled to UM coverage.
 {¶ 9} So too, Mrs. Intihar is UM insured because the term "You" remains ambiguous and there is no exclusion, save for settlement of a claim without AMICO's consent, that prevents her entitlement to UM coverage.
 {¶ 10} AMICO relies on Estate of Houser v. Motorists Ins. Co.[7]
to support its argument that all insureds are subject to a covered auto limitation, but this argument fails to recognize that the opinion in that case determined that "You" was not ambiguous because an individual was a named insured. It found that the employee was defined as a UIM insured "while occupying a covered `auto'" — autos owned only by the named insureds.[8] Because the employee was occupying a co-employees vehicle at the time of the injury, the court denied coverage under the policy.[9]
Because of the clear differences in AMICO's policy language, the decision in Estate of Houser is consistent with our reasoning here.[10]
 {¶ 11} AMICO also relies on Wright v. Small[11] and attempts to distinguish the decision in Kekic v. Royal SunAlliance Ins.Co.,[12] to argue that an auto must be listed in the policy before it qualifies as an "owned auto" for UM protection. This argument lacks coherence because whether the policy required owned autos to be included on a list is not the issue. It is whether insureds are subject to covered auto limitations regardless of the policy definitions on a declaration page.
 {¶ 12} Wright is inapplicable because the claimant was seeking UM benefits under a policy issued to his driver's employer. He could not qualify under the Scott-Pontzer definition of "You" and thus tried to use the "anyone else `occupying' a covered `auto,'" definition of an insured.
 {¶ 13} Furthermore, there is no need for AMICO to attempt to distinguish Kekic on the relevant issue here; that case in fact assumes that all insureds are subject to covered auto limitations regardless of the policy definitions, contrary to our conclusion here.[13] Kekic's conclusion on this issue, however, was not vital to the decision in that case and was not thoroughly analyzed; therefore, we do not find it persuasive on the issue and instead rely on the more complete analysis here.
 {¶ 14} Therefore, this assignment of error is sustained.
 {¶ 15} AMICO's cross-assignment of error claims it was entitled to summary judgment on the alternative ground that Intihar failed to give prompt notice of her claim as required by the policy's terms and, therefore, its subrogation rights have been prejudiced. The judge made no determination on this issue, and we find it inappropriate to address this claim until the judge has made a determination pursuant to Ferrando v.Auto-Owners Mut. Ins. Co.[14] Even though our review is de novo, the conduct of the proceedings and the judge's determination remain influential. Review is enhanced by the fact that a judge has first addressed the facts and arguments and has made a determination. Therefore, we find it inappropriate to address AMICO's cross-assignment in this appeal.
Judgment reversed and remanded.
ANTHONY O. CALABRESE JR., J., CONCURS MICHAEL J. CORRIGAN, P.J., DISSENTS WITH SEPARATE OPINION
[1] Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116.
[2] Civ.R. 56(C); Stephens v. A-Able Rents Co. (1995),101 Ohio App.3d 20, 26, 654 N.E.2d 1315.
[3] The parties apparently agree that, under the terms of the AMICO policy, Intihar did not own the car titled in her husband's name.
[4] King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,519 N.E.2d 1380.
[5] Scott-Pontzer, 85 Ohio St.3d at 664-665.
[6] 85 Ohio St.3d at 663
[7] Auglaize App. No. 2-02-02, 2002-Ohio-2845.
[8] Id. at ¶ 14-21.
[9] Id. at ¶ 22-26.
[10] The dissent mistakenly states that Mrs. Intihar has conceded that the covered auto limitation applies to her; she has not done so, and in fact has argued that her status as a UM insured is not dependent of any use of an automobile.
[11] Seneca App. No. 13-02-34, 2003-Ohio-971.
[12] Cuyahoga App. No. 80693, 2002-Ohio-5563.
[13] Kekic, 2002-Ohio-5563, at ¶ 41.
[14] 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927.